Estate of Paul Backer, by Leo Perlman, Abraham S. Guterman, Alfred G. Baker Lewis, and Charles Backer, Executors and Julia Backer, v. Commissioner.
Estate of Backer v. Commissioner
Docket No. 58783.
United States Tax Court
T.C. Memo 1957-47; 1957 Tax Ct. Memo LEXIS 205; 16 T.C.M. (CCH) 209; T.C.M. (RIA) 57047; March 22, 1957
*205 Held, the cancellation by an officer-stockholder of a corporation of an indebtedness for salary constituted a contribution to capital and is not deductible as an expense under section 23(a) or as a loss under section 23(e), I.R.C. of 1939. Alfred S. Pellard, Esq., 501 Madison Avenue, New York, N. Y., for the petitioners. William F. Chapman, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The parties in this case have filed a stipulation of facts in the following terms: 1. Paul Backer and Julia Backer, until the *206 date of Paul Backer's death on April 30, 1956, were husband and wife and resided at 344 West 72nd Street, New York, New York. 2. The taxable period involved in this proceeding is the calendar year 1950. Petitioner's Federal Income Tax return for the year 1950 was duly filed with the then Collector of Internal Revenue, for the Third District of New York (now the District Director, Upper Manhattan District) * * *. 3. The deficiencies in dispute are for income taxes in the sum of $9,517.68. 4. That all the stipulated facts, exhibits, and oral testimony presented to the Tax Court in the case of Leo and Sima Perlman, Docket No. 58597, shall be taken as the facts, exhibits, and oral testimony in the present case, wherein said facts and testimony are applicable. 5. The briefs filed in the case of Leo and Sima Perlman, Docket No. 58597, shall be considered as the briefs in the instant case. The case of Leo Perlman and Sima Perlman, above referred to, resulted in a Findings of Fact and Opinion filed February 4, 1957, and a closing decision sustaining the Commissioner, entered February 11, 1957. Petitioners in the present case recognize that the companion case, on identical facts, *207 has been decided against their position, but, in effect, ask reconsideration of the ruling so made. The issue is the same. The facts are the same. The argument is the same. Petitioners also complain that in the Perlman case, certain cases cited by them are not discussed in the opinion of the Court. We have carefully studied the record in the Perlman case and the cases cited by counsel therein. We are of the opinion that the holding therein made was correct and that the cancellation of the indebtedness in question resulted in a contribution to capital and not in a deductible expense under section 23(a) or a deductible loss under section 23(e), Internal Revenue Code of 1939. The cases cited by petitioners, when read in the context of their facts, do not lead to a contrary holding. Nothing would be added to this opinion by a detailed discussion of the several cases so cited. Decision will be entered for the respondent.